**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE DIVISION**

| | | |
|---|---|---|
| **JULIET CONDE** | : | **CASE NO.  6:22-cv-3850** |
| **VERSUS** | : | **JUDGE JAMES D. CAIN, JR.** |
| **STATE FARM FIRE & CASUALTY CO., ET AL.** | : | **MAGISTRATE JUDGE KAY** |

**REPORT AND RECOMMENDATION**

A Show Cause hearing was set in this matter for April 28, 2023, for attorney Claude F. Reynaud, III, to show cause why he should not be sanctioned pursuant F.R.C.P. Rule 11.  Doc. 15. Plaintiff personally appeared at the hearing, accompanied by her sister who is an attorney licensed to practice in the State of Louisiana, but who did not seek to enroll on her behalf.  At the hearing, plaintiff made an oral Voluntary Motion to Dismiss. Doc. 16.

Defendants State Farm Fire & Casualty Co., State Farm General Insurance Co., and State Farm Mutual Automobile Insurance Co. ("defendants") had, prior to the fixing of the mentioned rule to show cause, filed a Motion for Summary Judgment in this matter seeking dismissal of this action against them as none of them, they claim, ever issued a policy of insurance in favor of plaintiff Juliet Conde or the property referenced in the Complaint. Doc. 9.  These allegations, as well as identical allegations in numerous other cases, prompted the court to hold a show cause hearing about possible violations of Rule 11 of the Federal Rules of Civil Procedure in filing plaintiff's complaint in this matter. Doc. 17.  The court ordered that plaintiff personally appear to help the court understand how Claude F. Reynaud, III, signatory to the complaint, could have filed

this lawsuit against entities that did not have a policy of insurance covering her property if, in fact, that is the case. Doc. 14.

At the hearing, plaintiff informed the court that she never hired Mr. Reynaud or his former employer McClenny Moseley & Associates, PLLC to represent her. She further indicated that she was interested in having the case dismissed because she did not intend to file it in the first place. Plaintiff's statements were docketed as an Oral Voluntary Motion to Dismiss [doc. 16]. Per Rule 41(a)(2) of the Federal Rules of Civil Procedure, once a defendant files a motion for summary judgment, a plaintiff's subsequent request that an action be dismissed may be granted only by court order. Fed. R. Civ. P. 41(a)(2). After plaintiff made her oral motion at hearing, we indicated that we would issue a report and recommendation to the district judge to recommend dismissing the matter. Docs. 17, 18. Accordingly, we now recommend that the district court grant plaintiff's motion and dismiss this matter.

For the foregoing reasons, **IT IS RECOMMENDED** that Juliet Conde's Oral Voluntary Motion to Dismiss [doc. 16] be **GRANTED** and that this matter be **DISMISSED WITHOUT PREJUDICE**.

Under the provisions of 28 U.S.C. § 636 and Rule 72 of the Federal Rules of Civil Procedure, parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District

Court, except upon grounds of plain error. *See Douglas v. United States Automobile Ass'n.*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers this 24th day of May, 2023.

KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE